# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| DANIEL LUCAS,        | : | CIVIL ACTION |
|----------------------|---|--------------|
|    Plaintiff | : | |
|                      | : | |
| v.                   | : | NO. 09-1949 |
|                      | : | |
| CITY OF PHILADELPHIA, | : | |
|    Defendants | : | |

## **MEMORANDUM**

STENGEL, J.                                                                      November 23, 2010

## I.  BACKGROUND

Plaintiff Daniel Lucas instituted this lawsuit by filing a Complaint in the Eastern District of Pennsylvania on May 7, 2009. In his complaint, he alleges that, on May 8, 2007, while sitting in a parked car at 70th and Woodland Avenue in Philadelphia, City of Philadelphia Police Officers assaulted him by kicking him and beating him with a nightstick. His complaint contained four counts, each of which was asserted against the City of Philadelphia and the Philadelphia Police Department: an excessive force claim based on 42 U.S.C. §§ 1983 and 1988;[1] a Monell claim asserted under the same sections; a claim for false arrest and false imprisonment; and a claim for intentional infliction of emotional distress.

---

[1] It is not clear how Mr. Lucas wished to proceed under Section 1988. To the extent he is a prevailing party under Section 1983, he can seek attorney's fees under Section 1988. Because his Section 1983 claims are without merit, attorney's fees are unavailable to him under Section 1988.

The Philadelphia Police Department was dismissed as a defendant by order of this court on November 20, 2009. The discovery period in this case expired on April 15, 2010. The remaining defendant, the City of Philadelphia, filed a motion for summary judgment on June 15, 2010. Mr. Lucas did not file a response to the City's motion, and on October 26, 2010, this court issued an order directing him to respond to the motion on or before November 22, 2010. The court further noted that, in the event Mr. Lucas failed to respond, the City's motion would be deemed unopposed. Because Mr. Lucas failed to respond by November 22, 2010, I consider the defendant's motion unopposed.

I. **STANDARD OF REVIEW**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). An issue is "genuine" when a reasonable jury could return a verdict for the non-moving party based on the evidence in the record. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "material" when it could affect the outcome of the case under the governing law. Id.

A party seeking summary judgment initially bears responsibility for informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Where the non-moving party bears the burden of proof

on a particular issue at trial, the moving party's burden can be met simply by demonstrating "to the district court that there is an absence of evidence to support the non-moving party's case." Celotex, 477 U.S. at 325. After the moving party has met its initial burden, "the adverse party's response, by affidavits or otherwise as provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). Summary judgment is therefore appropriate when the non-moving party fails to rebut by making a factual showing "based on the affidavits or by depositions and admissions on file" that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322; Harter v. GAF Corp., 967 F.2d 846, 852 (3d Cir.1992).

## II. DISCUSSION

### A. Plaintiff's Section 1983 Claims are Unsupported

Counts I, II, and IV of Mr. Lucas's complaint assert causes of action against the City under Section 1983. Municipal entities cannot be held liable under Section 1983 for the actions of employees based on a theory of respondeat superior or vicarious liability. See Monell v. New York City Dept. of Soc. Serv., 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); see also Natale v. Camden County Correctional Facility, 318 F.3d 575 (3d Cir. 2003). Instead, liability is imposed when the municipal entity, "under color of some official policy, 'causes' an employee to violate another's constitutional rights."

Id. The plaintiff must establish: (1) the municipality had a policy[2] or custom[3] that deprived him of his constitutional rights; (2) the municipality acted deliberately and was the moving force behind the deprivation; and (3) his injury was caused by the identified policy or custom. Bd. of the County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 403–04 (1997) (citing, *inter alia*, Monell, 436 U.S. at 690–91, 694). In other words, in order to succeed on a claim against a municipality, "a plaintiff must identify the challenged policy, attribute it to the city itself, and show a causal link between execution of the policy and the injury suffered." Losch v. Borough of Parkesburg, 736 F.2d 903, 910 (3d Cir. 1984).

Because Mr. Lucas has failed to respond to the City's motion and has therefore failed to provide any relevant evidence in support of his claims, I will rely on the City's representations concerning the status of this case. It attests that Mr. Lucas has failed to

---

[2] A municipal policy, for purposes of § 1983, is a "statement, ordinance, regulation, or decision officially adopted and promulgated by [a government] body's officers." Monell, 436 U.S. at 690; see also Berg v. County of Allegheny, 219 F.3d 261, 275 (3d Cir. 2000) ("Policy is made when a 'decisionmaker possessing final authority to establish municipal policy with respect to the action' issues an official proclamation, policy, or edict.") (citation omitted). Such a policy "generally implies a course of action consciously chosen from among various alternatives." City of Okla. City v. Tuttle, 471 U.S. 808, 823 (1985).

[3] The absence of a policy does not thereby relieve a municipality of liability. Bielevicz v. Dubinon, 915 F.2d 845, 851 (3d Cir. 1990). A custom, while not formally adopted by the municipality, may lead to liability if the "relevant practice is so widespread as to have the force of law." Bryan County, 520 U.S. at 404; see also Bielevicz, 915 F.2d at 851 (stating that a constitutionally deficient custom may be found to exist when "policymakers were aware of [similar] unlawful conduct in the past, but failed to take precautions against future violations"). This requirement should not be construed so broadly as to circumvent Monell: "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy..." Tuttle, 471 U.S. at 823–824.

conduct any discovery regarding municipal liability of any type. In his complaint, Mr. Lucas makes vague assertions that the City failed to "properly supervise and/or control" its officers, failed to properly "train test and/or select police officers," and failed to "prevent Plaintiff from being falsely invaded, falsely imprisoned and maliciously prosecuted by its officers." Compl. ¶¶ 15(C), (E), (G). Such vague assertions concerning failure to train or otherwise prevent misdeeds by its officers are insufficient to substantiate a municipal liability claim. See Groman v. Twp. of Manalapan 47 F.3d 628, 637 (3d Cir. 1995). Therefore, summary judgment will be granted on all Section 1983 claims asserted by Mr. Lucas against the City.

**B.     Plaintiff's State Law Claims Fail As A Matter of Law**

Count III of Mr. Lucas's complaint asserts a state law claim for false arrest and false imprisonment. Except for certain negligent acts, the City is immune from suit under the Pennsylvania Political Subdivisions Tort Claims Act for the intentional torts of its police officers. See Agresta v. City of Phila., 694 F.Supp. 117, 123-24 (E.D.Pa.1988). The Act provides that "[e]xcept as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by an act of the local agency or an employee thereof or any other person." 42 PA. CONS. STAT. ANN. § 8541. The eight exceptions to this grant of immunity are for acts of negligence in the areas of (1) vehicle liability; (2) care, custody, or control of personal property; (3) real property; (4) trees, traffic controls and street lighting; (5) utility service

facilities; (6) streets; (7) sidewalks; and (8) care, custody or control of animals. 42 PA. CONS. STAT. ANN. § 8542. Plaintiff's claims of false arrest and false imprisonment do not fall into any of these exceptions and, as asserted against the City, fail as a matter of law. See <u>Gonzalez v. City of Bethlehem</u>, No. 93-1445 1993 WL 276977 at *3 ("The City of Bethlehem is . . . immune from suit on the plaintiff's claims of assault, battery, false arrest, false imprisonment, malicious prosecution and abuse of process.").

## III. CONCLUSION

Mr. Lucas, having essentially abandoned his case, has failed to provide any evidence supporting his Section 1983 claims against the City of Philadelphia. His state law claims against the City fail as a matter of law. For the reasons set forth above, I will grant the City's motion for summary judgment and enter judgment in its favor.